24-4006, Ms. Stengel May it please the court, Jessica Stengel on behalf of Brandon Thompson. The jury trial is a hallmark of the American criminal jurisprudence system. We don't expect jurors to be legal scholars, as such we give them jury instructions. As this court said in United States v. Kahn, quote, the purpose of jury instructions is to give jurors the correct principles of law applicable to the facts, end quote, so they can interact with the evidence in a legally meaningful manner and to give us confidence in the integrity of the verdict. No such instruction was given in this case. This case is unprecedented, and the standard circuit, the standard instruction, the circuit pattern instruction on possession was wholly insufficient. Both parties recognized this below and argued for instructions that more carefully defined, more carefully narrowed what actual possession, what direct. Well, counsel, it seems to me, and correct me if I'm not understanding your argument, that you acknowledged in the jury instruction conference that the law was not quite as you would have preferred it to be with respect to actual possession and the concept of exclusivity, but that we're arguing today that it should be incorporated there is what counsel said. And so how is that, I certainly don't read that as a concession of any kind, but it does seem to me to be an acknowledgement that our law is different from what your argument suggests that it is and that the district court correctly instructed the jury. Why is that not a correct understanding of this particular record? So I hear two separate questions in there. And first, let me address the easier one, which is the district court's instruction was entirely incorrect. Based on this circuit's pattern instruction, it says constructive possession, although not actual possession, is, and goes on. And is when someone has knowingly has the power and intention at a given time to exercise dominion and control over a thing. The district court incorrectly told the jury that constructive possession is indirect control, and that's just wrong, so that's the easier one, that instruction was incorrect. I think rather than say that this court's definition of actual possession, direct physical custody, is incorrect, I would say no, it is correct. But it's not sufficiently refined, and it doesn't give the correct principles of law to fit the facts of this case. And this case is unique. This is basically highly appropriate. This is a held ball. And if you're not a basketball fan, I will briefly explain what a held ball is, because this is what makes the most sense to me. You've got two players from opposing teams. Each player manages to get their hands on the ball. So you've got four hands on the ball. At that moment in time, both players are simultaneously trying to get possession, and trying to prevent the other person from getting possession. And both players know that neither team has possession of the ball. That's what happened in this case. Why do you put it that way? Pardon? That they think of it as both teams have possession of the ball? No, neither teams have possession, and the only way possession is decided is either by a possession, the ref gets involved. So we get a possession arrow, or it's a jump ball. But in that instance, when everyone's grappling for the ball, nobody has possession. And that's what this case was. We needed an instruction that said, when you've got multiple people vying for control, there is no control. And the only way, jury, you can find that any one person, be it the defendant or somebody else, has control of that, of this instrument. Counsel, counsel, excuse me. Didn't your client stipulate that he knew he had his hands on the firearm, and he intended to possess the firearm? And we have a picture here, and it's a government exhibit, too. It shows both of his hands wrapped around that gun. And pulling at it with all his might. Now, why is it that momentary possession? Because he does not have exclusive, he does not have dominion and control over that weapon to the exclusion or others. And in this moment, we can look to define direct actual custody as a person knowingly have, excuse me, knowingly having the ability to use the object in the manner intended and purpose intended to the exclusion of all others. But that is not what our law requires, direct physical control. It doesn't contemplate, maybe it should, but is your key case Johnson? I think that's one of the critical cases, but I think there are other sources of law. Well, I guess I'm not suggesting that- I'm not suggesting Johnson's the only case, but it's a case in our circuit that defines what actual possession means. And actual possession of an item means direct physical control over it. It doesn't incorporate this concept of exclusivity that you are grafting on. I respectfully disagree with your interpretation of Johnson. I think what is critical in Johnson is that, A, he wasn't just touching the gun, which is what the government's best evidence shows. He has his hands on the gun in the holster, which is still attached to an officer. That's not direct physical custody. What Johnson does show is that by sitting on an object, you have direct physical custody to the exclusion of others. And this is consistent with how this court defines constructive possession. So are you relying on that language in Johnson that says exerting force on it and arguably preventing any other person from gaining control? I think that supports the argument. I read that as sort of, in this case, a description of the facts. But you're suggesting that our law has recognized the concept of exclusivity here. I do, and I think Johnson, if I'm remembering the case correctly, and I apologize if I am not, I think Johnson is key for that because they also talk about the guns in the trunk. And it's a nice comparison and contrast where he absolutely had constructive possession of those guns. And other people could have shared in that constructive possession. But in the moment where he is sitting on the gun, nobody else is gonna be able to get control of that gun and use it in the manner intended and for the purpose intended. And I think, which again, is consistent with how this court defines constructive possession, it includes, as the Supreme Court does in Henderson, this idea of dominion. Constructive possession, but not actual possession. The way the Supreme Court and this court has defined actual possession is, it is not constructive possession. It would be a logical disconnect to have constructive possession including dominion, but not for actual possession. Part of that direct physical custody and control is this element of dominion. It's a more carefully tailored, it's a more specifically type, it's a tighter type of control of custody than this amorphous idea of control. And in this case, the way- Let me ask you, do you think that there was sufficient evidence for the jury to find that the defendant pulled the trigger and shot the gun? There was, wasn't there? So, if we are talking about a sufficiency of the argument, sufficiency of the evidence argument, where we have to view the light and view the evidence in the light most favorable- Well, that's how we do it, but we review this issue in the light, we view the evidence in the light most favorable to the prosecution and- For sufficiency. Yes. Okay. I disagree. You don't think the jury could reasonably- I think it is a reasonable inference. However, allowing, pulling the trigger to equal possession would be missing a fundamental piece of what direct physical control means. Well, let's get to that point first. You're not disputing that the jury could find that he pulled the trigger? It is a reasonable inference based on the evidence. Okay. They could have, in other words, the answer is yes. Now, don't you think it's strange to say that someone shot the gun and didn't possess it? Maybe he didn't have, maybe somebody else's grip was on another part of the gun, but he, you talked about the utility to, I can't remember your definition exactly, but it seemed to fit perfectly. In terms of the gun, the important thing is who's got control of the trigger, isn't it? No, Your Honor. Oh, it's not? It is a small, it is a portion of it. It's not the entire picture, and I think we can find- Under whose law? It would seem to me that- Let's go with what the prosecution argued below. What we need to have, the missing piece is the ability to aim the gun, and that was never there. Looking at the government's opening statement, they said that a witness, quote, on the ground with both hands pushing on that gun, trying to keep it in the holster because he will tell you if it's in the holster, the defendant can't aim it. They recognize aim is important. Again, in closing argument, the prosecution says, this particular witness, tell us all he was trying to do in that moment was make sure that the barrel of the firearm was not pointed at another human being. So, we have somebody preventing the gun from being aimed, which prevents direct physical control. I should know this, but what happened to the bullet? Where did the bullet go? It didn't hit the officer's leg? No, no, no. Based on the testimony from the officers, there were a lot of misfunctions with the gun. It fired through the holster, right? But it didn't hit anybody. It didn't hit anybody, and it never left the holster. That gun remained completely holstered, which was attached- I thought you got the bullet. The bullet. We're not asking- The bullet didn't hit anybody. No, it did not. Okay, that's- And in large part, that's because Mr. Thompson could not aim the gun. He did not have direct physical control in custody to aim the gun. I think I'm misunderstanding your argument. I thought that there was no question that he had direct physical control, but your argument was that because it wasn't exclusive, it didn't satisfy the standard for actual possession. No, Your Honor. He, at no point, did he have direct physical control. This is the jump ball. There were multiple hands, multiple, everyone trying to get control, meaning nobody had- So your argument doesn't depend on finding or agreeing with you that exclusivity is a part of our definition of actual possession? It's all- It seemed to me that was your whole argument. No, for the sufficiency argument, I can agree with that. But for the instructional error, exclusivity was just one of the missing pieces. And there's no way that we can say that the guilty verdict, quote, was surely unattributable to the errors in this case. And those are just the affirmative errors. The district court- You said instruction 22, the errors in each of them? Yes, Your Honor, and I believe it's page 363 of volume one. Yeah, and doesn't instruction 22 track very closely both the Supreme Court and the Tenth Circuit's definition? There is one sentence that does track the pattern instruction in the Supreme Court, what the Supreme Court said in Henderson, from instruction 22. And I'm going to, unless there are further questions, I'm going to reserve the remainder of my time for rebuttal. Anything, Judge Kelly? No. Okay. That's fine. May it please the court. Tyler Murray on behalf of the United States. My friend is arguing for the astonishing position that a person can put two hands on a firearm, pull it partially out of a holster, far enough to get their finger on the trigger, overcome the safety mechanism on the trigger, and fire around which, by sheer luck, didn't hit the officer in the leg or another person. And still not possess a firearm. The actions that Mr. Thompson took on that day showed direct physical control. And the jury could reasonably conclude that he had such physical control. And so this court should affirm. Can you talk about how our law, in the government's view, defeats the appellant's argument in the sense that it seems to me that the appellant is advancing a concept of exclusivity as part of our actual possession law, but the government's argument is you can have joint actual possession, which also doesn't really seem to make sense, so help me with that. We do. Our position is that the law can't, that people can have joint actual possession. The synchronon of direct physical control, of actual possession, is direct physical control. And exclusivity has never been a part of that. I think in the Johnson case, you can see that exclusivity, the one person being able to control it might inform the actual possession concept. But the law has never been that a person can't have joint physical control. If a firearm is big enough, two people can carry it. If there's a load of narcotics that is big enough, two people can carry it. Here with a firearm, two people can have direct physical control over that firearm. The situation we have here, the holster is essentially equivalent of just another person's hands on the gun, and we would not be arguing that the defendant didn't have direct physical control if the gun was out of the holster and the officers had their hands on the barrel and were preventing him from aiming it. We wouldn't say, I don't think that that defendant didn't have direct physical control of that firearm. The Supreme Court in Henderson talked about the notion that 922G proscribes possession, but it covers possession in all of its forms. And in the case law we've cited to the court, particularly first the Coleman case. Coleman doesn't seem to help you. It's about 924C in use. I wasn't persuaded that Coleman applies here. Why am I wrong? Well, Coleman stands for the proposition. We're arguing for the proposition that 924C required use. And use in a firearms contract necessarily requires possession. Barela points that out. We cite that case for, Barela, in addition to that case, to show that when one possesses a firearm and then fires it, that's use. And the Supreme Court in Bailey taught that use is greater than possession. And so that's there. We've also cited a number of other cases that where juries were instructed that both joint and actual, or both actual and constructive possession can be joined. And that's never been questioned. Conversely, my friend has not cited any cases where a jury was instructed that in order to find actual possession, that possession needed to be entirely exclusive. And so I think those factors altogether point to the result that actual possession need not be exclusive. That's interesting you say use always encompasses possession. Here use almost seems simpler than possession, because you use the gun by shooting it, right? Correct. And you think that settles the matter then? It really does. In this, whatever the margin cases are where what possession means, we're right in the heartland of what possessing and using a gun is in this case. Because he was able to get his hands on the gun, get his hands on the trigger, overcome the safety mechanism, and then fire the gun. Do you have specific language from a Supreme Court opinion saying use always encompasses possession? If there's use, there must be possession. The case we're relying on that for is Bailey, Your Honor. And the notion in that case was that they were looking at whether mere possession of a firearm at the time would constitute use of a firearm in the 924C context. And at that time, 924C did not mention possession. And so the court said use in 924C requires active employment of the firearm. And the notion that they were dealing with with respect to firearms was that use of a firearm is a greater standard or a higher standard than just possession, than just mere possession. I thought use was synonymous with access. It's not? Which would be different from what you're saying. Maybe I'm misunderstanding. I think there was, I think the issue in Bailey was that there were some courts that said maybe access to a firearm might have been sufficient under 924C, but the court said that active employment was required. And so use is required. In the Barella case, we cite that for the position that shows that the sentencing enhancement for using a firearm was present, was applicable when the defendant shot the firearm. And so our position is just logically, with respect to a firearm, in order to use it, you have to have some measure of direct physical control, which constitutes actual possession. And your position would be that exclusivity is an example of how that's satisfied, but it's not necessary? Correct, correct. It can inform the decision, but it's not something that's necessary in every case. You can have direct physical control. I think the basketball analogy is that, but both people can have direct physical control over that ball, and that's why we have a referee intervene. But here, with respect to a firearm, in the 922G context, when we've got a man who's running from the police, and who puts both his hands on the firearm, and pulls with all his might to get it out of the holster, and is able to do so enough to fire the gun, that's possession of a firearm. The appellant suggests that Instruction 22 didn't either sufficiently track the pattern, or our pattern instruction on this is somehow deficient. What's the government's position on that? Our position is that the statistic court accurately described the law from both the Tenth Circuit and the Supreme Court in its jury instruction. It defined actual possession as direct physical control for a period of time. And then it described constructive possession in terms of person not in actual possession, but who has both the intent and power to direct that item in the future, has constructive possession. And I think both of those were accurately described in the jury instructions, and the jury, there was no abuse of discretion in giving those instructions, and they accurately described the law and guided the jury. In addition, Your Honor, with respect to the defendant's requested instructions, the district court did not abuse its discretion in refusing to instruct the jury that attempted possession is not a crime, or that mere touching is not possession, because for two reasons. First, that the instructions the district court did give were sufficient to cover the field. And then secondly, those proposed instructions were just a little bit too on the nose, so to speak. They directly tracked sort of what the defendant was arguing, both in the opening and closing. Do you understand what the defendant was asking for was a theory of defense instruction? I think they do, and I think the law is that they can have a theory of defense instruction if it's supported by the facts of the case. But there's not an abuse of discretion in refusing to give those if the instructions that the court gives are already covered that. I'm just trying to discern what you think the appropriate, the applicable law, the point of departure is for assessing their argument. So the government agrees, this was a theory of defense instruction, it's just there was no abuse of discretion here. That's correct, that's correct. In short, Your Honor, this was direct physical control. Firing a firearm, the jury had sufficient evidence to determine that firing this firearm, or excuse me, that by firing the firearm, Mr. Thompson had direct physical control of the firearm, and therefore he possessed it. And unless the court has additional questions, I'll submit and then ask the court to affirm. Thank you, counsel. You have two and a half minutes about it. Just a few points that my learned counsel brought up. Touching does not equal possession, and that's exactly what the government was  We cannot say, given the instructions in this case, to any degree of reasonable certainty that the jury did not equate touching with direct physical control. Our briefing adequately addressed the government's misuse of 924C in this case. Congress fixed it to make it very clear that a 924C use and possession are not synonymous. So your position would be that Coleman shouldn't guide the inquiry here? Coleman is irrelevant, Your Honor, in this particular case. With regards to the defendant's requested instruction, the government's briefing failed to address any merits of the argument and it's properly waived. Moreover, in that argument, the government had the burden to show that the failure to instruct on the defendant's theory of the case was harmless beyond a reasonable doubt, and they so failed to do that. This was not a requested instruction where it was in 11 or nine paragraph recitation of the facts in the light most favorable to the defendant. It was a simple statement that attempt is not the same as possession. Finally, the government calls out Mr. Thompson for not having any cases where possession and exclusivity are linked. Let's look at United States versus Johnson, 37F3rd, 1352 out of the Ninth Circuit. Possession is defined as to have in one's actual and physical control to have the exclusive detention and control of. This was further cited by the Third Circuit in United States versus Whedon, 145F3rd, 158. The Virgin Islands, given that they're sort of in the Third Circuit, adopted the same instruction. We included one from Kansas in our briefing, but let's go also further into the Midwest and look in Missouri. In State versus Norris, 460 Southwest 2nd, 672. Possession in its legal sense means having the actual control, care, and management of something to the exclusion of others and not a mere passive control, fleeting or shadowy in its nature. There were multiple instructional errors in this case, and we cannot have confidence in the verdict as such. And with that, I submit the case for decision. Thank you. Thank you, counsel. The case is